**SO ORDERED.**

**SIGNED this 10 day of April, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

ROBERT and PAULETTE SHOAF,                    CASE NO. 11-04057-8-JRL
                                              CHAPTER 11
    DEBTORS.

_____

**ORDER**

This matter came before the court on the debtors' motion to confirm their chapter 11 plan. A hearing was held on April 3, 2012 in Raleigh, North Carolina.

R.O.P.A.S.H.O. Enterprises, Inc. entered into a bridge loan with Porter Bridge Loan Company ("Porter") for $765,440.00 which was secured by a deed of trust that encumbers the debtors' real property in Greensboro, North Carolina ("property"). The debtors personally guaranteed the bridge loan. The bridge loan stated that the interest would be computed at a per annum rate equal to 6.75% per annum above the prime rate as published in the Wall Street Journal with a floor interest rate of 14% and a default interest rate of 28%. In addition, the note was to be paid in full within twelve months with an option to extend for another twelve months with a paydown of principal. At the hearing, Porter acknowledged the risky nature of the bridge loan, as evidenced by the note's terms, but contended that the terms were freely negotiated. At

the hearing, a representative from Porter testified that in order to extend the loan to the debtors, Porter had to obtain its own financing from a third party. Porters' note with the third party is also short-term in nature.

Currently, a fast food restaurant is located on the property and it pays the debtors $11,000.00 per month in rent. The restaurant has a twenty year renewable lease, with seven years remaining. The restaurant has never missed a rental payment. It is maintained in superior condition, and serves as a training facility for other franchises.

The debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 26, 2011. At the debtors' confirmation hearing, the debtors proposed to pay Porter's claim in full with a 30-year amortization rate at 5% interest. Porter's claim is impaired and Porter cast a ballot to reject the plan.

## DISCUSSION

The court may approve a plan over the objection of an impaired class if the plan satisfies the requirements of section 1129(b) of the Code and "is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." 11 U.S.C. § 1129(b). Here, the issue is whether the debtors' proposed rate of interest and amortization period is fair and equitable to Porter. In determining the appropriate rate of interest the court must first consider whether there is an effective market for the proposed loan. At the hearing, an expert in commercial real estate testified that there was no effective market for the debtors' loan with Porter. In the absence of an effective market, the court will turn to the formula approach outlined in Till v. SCS Credit Corporation, 541 U.S. 465 (2004), to construct the appropriate interest rate. Under Till, the court starts with the prime rate of interest and adjusts based on risk.

"The appropriate size of that risk adjustment depends, of course, on such factors as the circumstances of the estate, the nature of the security, and the duration and feasibility of the reorganization plan." Id. at 479.  "Secondary factors include the loan to value ratio and quality of the guarantors. The final rate is determined by the plan before the court at confirmation." In re Smithville Crossing, LLC, No. 11-02573-8-JRL (Bankr. E.D.N.C. Sept. 28, 2011) (Leonard, J).

Here, the debtor's proposed interest rate of 5.00% does accommodate the necessary risk factors.[1]  The debtors earn $11,000.00 a month in rent from a steady tenant that has never missed a loan payment.  The rental income is several thousand dollars more than the amortized payment.  Thus this interest rate is appropriate.

The real issue is whether the debtors' proposed thirty year amortization period is also fair and equitable to Porter.  Porter argues that the debtors' proposed treatment would turn what was intended to be a short-term bridge loan into a long-term residential loan.  Porter contends that the court should take into consideration that Porter is a bridge loan company, not a commercial bank, when determining what is fair and equitable.  Furthermore, Porter argues the debtors' treatment would not even be fair and equitable to a commercial bank.

A commercial loan in chapter 11 must resemble a commercial loan on the open market to be fair and equitable to the creditor.  However, the court does not look to the identity of the lender or its source of funds to determine what is a fair and equitable treatment when the lender is a commercial entity.  Even so, this jurisdiction has not approved a commercial loan with an amortization of more than twenty years, and with a balloon payment.  See In re American Health

---

[1] The prime rate as of April 2012 is 3.25%.  At the hearing, the debtors proposed a risk adjustment of 1.75%.

and Human Services, Inc., No. 08-03135-8-JRL (Bankr. E.D.N.C. Jan. 5, 2009) (Leonard, J) ("no financial institution would amortize a loan of this nature for a term of more than twenty years, and would insist on a balloon payment at three to five years"). All of the testimony at the hearing was consistent that a thirty year amortization period without a balloon payment is too long. Accordingly, this plan violates section 1129(b)(2)(A) of the Code.

In addition, the debtors have failed to show that their plan is feasible. Their expenses are currently too high to confirm a plan with a twenty year amortization period at 5% interest.

Based upon the foregoing, the debtors' motion to confirm their chapter 11 plan is **DENIED**. The debtors have twenty days to file an amended plan. If the debtors add a balloon payment to the plan, then the call should be less than seven years to take into consideration whether the restaurant's lease is going to be renewed. The debtors should also be able to show an amended budget to make their new plan feasible.

**END OF DOCUMENT**